UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

eat / div _____
Case #: _____
Judge _Scola_ Mag. _White_
Motn Ifp _____ Fee pd $ _____
Receipt #: _____

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

ANDREW JASON BRYANT,

    Defendant

Case No.: 16-cr-20188-RNS

MOTION TO VACATE, SET ASIDE OR
CORRECT SENTENCE
PURSUANT TO 28 U.S.C. § 2255

FILED by ___ D.C.

JUL 30 2018

STEVEN M. LARIMORE
CLERK U. S. DIST. CT.
S. D. of FLA. – MIAMI

## MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255

In accordance with 28 U.S.C § 2255, Defendant Andrew Jason Bryant respectfully moves this court to vacate and reduce his sentence as mandated by *Mathis v. United States*, No. 15-6092, 2016 WL 3434400 (U.S. 2016). Mr. Bryant is a federal prisoner currently serving a sentence that was enhanced by second or subsequent conviction 18 U.S.C. 924 (C) (I) (A) in violation of Title 18, United States Code, section 1951 (a) "Hobbs Act Robbery" counts 2 and 4 of the indictment charge, Andrew Jason Bryant with brandishing and discharging a firearm in relation to "crime of violence" in violation of 18 U.S.C. § 924 (C). In *Mathis v. United States*, the court held that: (1) a prior conviction does not qualify as a generic form of a predicate violent felony for purposes of the armed career criminal act ("ACCA"), 18 U.S.C. § 924 (E), if an "element" of the crime or conviction is made "broader" than an element of the generic offense by way of an enumerated list of alternative factual means for satisfaction of the form. (Hobbs Act Robbery 18 U.S.C. § 1951 (A) is more broader than 18 U.S.C. § 924 (C) (3) (A) ("the force clause") because it can be accomplished merely by placing one in fear of injury to his person or property, which 1) does not require threat of violent physical force, and 2) does not require the intentional threat of the same.

MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE
PURSUANT TO 28 U.S.C. § 2255 - 1

AO 243 (Rev. 01/15)                                                                                                      Page 2

### MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT
### SENTENCE BY A PERSON IN FEDERAL CUSTODY

| **United States District Court** | District | |
|---|---|---|
| Name *(under which you were convicted)*:  Andrew Bryant | | Docket or Case No.: |
| Place of Confinement:  Pollock USP | Prisoner No.:  99462-004 | |
| UNITED STATES OF AMERICA | Movant *(include name under which convicted)* | |
| v.  Andrew Bryant | | |

### MOTION

1. (a) Name and location of court which entered the judgment of conviction you are challenging:

   _United States District Court for the Southern District of Florida (Miami)_

   (b) Criminal docket or case number (if you know): _16-cr-20188 RNS_

2. (a) Date of the judgment of conviction (if you know): _July 2016_

   (b) Date of sentencing: _September 2016_

3. Length of sentence: _35 yrs._

4. Nature of crime (all counts):

   _one count of bank_

5. (a) What was your plea? (Check one)

   (1) Not guilty ☐          (2) Guilty ☑          (3) Nolo contendere (no contest) ☐

   (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or
   what did you plead guilty to and what did you plead not guilty to?

6. If you went to trial, what kind of trial did you have? (Check one)          Jury ☐          Judge only ☐

7. Did you testify at a pretrial hearing, trial, or post-trial hearing?          Yes ☐          No ☐

8. Did you appeal from the judgment of conviction?          Yes ☐          No ☐

9.  If you did appeal, answer the following:

(a)  Name of court: _____

(b)  Docket or case number (if you know): _____

(c)  Result: _____

(d)  Date of result (if you know): _____

(e)  Citation to the case (if you know): _____

(f)  Grounds raised:

(g)  Did you file a petition for certiorari in the United States Supreme Court?      Yes ☐      No ☐

If "Yes," answer the following:

(1)  Docket or case number (if you know): _____

(2)  Result: _____

(3)  Date of result (if you know): _____

(4)  Citation to the case (if you know): _____

(5)  Grounds raised:

10.  Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications, concerning this judgment of conviction in any court?

Yes ☐      No ☐

11.  If your answer to Question 10 was "Yes," give the following information:

(a)  (1)  Name of court: _____

(2)  Docket or case number (if you know): _____

(3)  Date of filing (if you know): _____

(4)  Nature of the proceeding: _____

(5)  Grounds raised: _____

(6)   Did you receive a hearing where evidence was given on your motion, petition, or application?

      Yes ☐     No ☐

(7)   Result: _____

(8)   Date of result (if you know): _____

(b)   If you filed any second motion, petition, or application, give the same information:

(1)   Name of court: _____

(2)   Docket of case number (if you know): _____

(3)   Date of filing (if you know): _____

(4)   Nature of the proceeding: _____

(5)   Grounds raised:

(6)   Did you receive a hearing where evidence was given on your motion, petition, or application?

      Yes ☐     No ☐

(7)   Result: _____

(8)   Date of result (if you know): _____

(c)   Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?

(1)   First petition:    Yes ☐    No ☐

(2)   Second petition:   Yes ☐    No ☐

(d)   If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not:

12.   For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States.  Attach additional pages if you have more than four grounds.  State the facts supporting each ground.

AO 243 (Rev. 01/15)

## GROUND ONE:

(a)  Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

(b)  **Direct Appeal of Ground One:**

(1)  If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐        No ☐

(2)  If you did not raise this issue in your direct appeal, explain why:

(c)  **Post-Conviction Proceedings:**

(1)  Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐        No ☐

(2)  If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3)  Did you receive a hearing on your motion, petition, or application?

Yes ☐        No ☐

(4)  Did you appeal from the denial of your motion, petition, or application?

Yes ☐        No ☐

(5)  If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

Yes ☐        No ☐

(6)   If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7)   If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**GROUND TWO:**

(a)  Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

(b) **Direct Appeal of Ground Two:**

(1)   If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐        No ☐

(2)   If you did not raise this issue in your direct appeal, explain why:

(c) **Post-Conviction Proceedings:**

(1)   Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐        No ☐

(2)   If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3)   Did you receive a hearing on your motion, petition, or application?

Yes ☐       No ☐

(4)   Did you appeal from the denial of your motion, petition, or application?

Yes ☐       No ☐

(5)   If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

Yes ☐       No ☐

(6)   If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7)   If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**GROUND THREE:**

(a)  Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

(b) **Direct Appeal of Ground Three:**

    (1)   If you appealed from the judgment of conviction, did you raise this issue?

        Yes ☐      No ☐

    (2)   If you did not raise this issue in your direct appeal, explain why:

(c) **Post-Conviction Proceedings:**

    (1)   Did you raise this issue in any post-conviction motion, petition, or application?

        Yes ☐      No ☐

    (2)   If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

    (3)   Did you receive a hearing on your motion, petition, or application?

        Yes ☐      No ☐

    (4)   Did you appeal from the denial of your motion, petition, or application?

        Yes ☐      No ☐

    (5)   If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

        Yes ☐      No ☐

    (6)   If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7)   If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

_____

**GROUND FOUR:**   _____

_____

(a)   Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

(b)   **Direct Appeal of Ground Four:**

   (1)   If you appealed from the judgment of conviction, did you raise this issue?

   Yes ☐       No ☐

   (2)   If you did not raise this issue in your direct appeal, explain why:

(c)   **Post-Conviction Proceedings:**

   (1)   Did you raise this issue in any post-conviction motion, petition, or application?

   Yes ☐       No ☐

   (2)   If you answer to Question (c)(1) is "Yes," state:

   Type of motion or petition:

   Name and location of the court where the motion or petition was filed:

   _____

   Docket or case number (if you know): _____

   Date of the court's decision: _____

   Result (attach a copy of the court's opinion or order, if available):

   _____

(3)   Did you receive a hearing on your motion, petition, or application?

      Yes ☐     No ☐

(4)   Did you appeal from the denial of your motion, petition, or application?

      Yes ☐     No ☐

(5)   If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

      Yes ☐     No ☐

(6)   If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7)   If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

13.   Is there any ground in this motion that you have <u>not</u> previously presented in some federal court?  If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

14.   Do you have any motion, petition, or appeal <u>now pending</u> (filed and not decided yet) in any court for the you are challenging?    Yes ☐    No ☐

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

15. Give the name and address, if known, of each attorney who represented you in the following stages of the you are challenging:

(a) At the preliminary hearing:

(b) At the arraignment and plea:

(c) At the trial:

(d) At sentencing:

(e) On appeal:

(f) In any post-conviction proceeding:

(g) On appeal from any ruling against you in a post-conviction proceeding:

16. Were you sentenced on more than one court of an indictment, or on more than one indictment, in the same court and at the same time?           Yes ☐           No ☐

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?           Yes ☐           No ☐

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

(b) Give the date the other sentence was imposed:

(c) Give the length of the other sentence:

(d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future?           Yes ☐           No ☐

18. TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.*

---

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:

A one-year period of limitation shall apply to a motion under this section.  The limitation period shall run from the latest of –

    (1)   the date on which the judgment of conviction became final;

    (2)   the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;

    (3)   the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (4)   the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

AO 243 (Rev. 01/15)                                                                                                Page 13

Therefore, movant asks that the Court grant the following relief:

_____

or any other relief to which movant may be entitled.




_____
Signature of Attorney (if any)




I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion
under 28 U.S.C. § 2255 was placed in the prison mailing system on _____.
                                                                                                    (month, date, year)




Executed (signed) on _____ (date)




_____
Signature of Movant

If the person signing is not movant, state relationship to movant and explain why movant is not signing this motion.

of the same. Also see *United States v. Edmundson*, 2015 U.S. Dist. Lexis 171007 (fourth circuit December 19, 2015), putting somebody in fear of injury does not require the use, attempted or threatened use of "violent force."

Hobbs Act robbery can be committed without actual or threatened violent force but instead by merely placing another in fear of injury to person or property see 18 U.S.C. § 1951 ("... by means of actual or threatened force, or violence, or fear of any injury, immediate or future to his person or property...") But injury may be inflicted-both on property and on a person without any physical force at all, let alone the violent physical force that is required under the force clause.

First, Hobbs Act robbery can be accomplished by placing somebody in fear of injury to his property- an act, which does not require the use of violent physical force. The concept of "property" under the Hobbs Act is an expansive one that includes "intangible assets, such as rights to solicit customers and to conduct a lawful business.

CONCLUSION AND RELIEF SOUGHT

Defendant Bryant now states by the United States Supreme Court in *Mathis v. United States*, No. 15–6092, 2016 WL 3434400(U.S.2016). If a prior conviction does not qualify as a generic form of a predicate violent felony 18 U.S.C. 924(C) "crime of violence" 18 U.S.C. 1951 "Hobbs Act Robbery" is not a "crime of violence" and Hobbs Act robbery has different alternative "elements" more "broader" than 18 U.S.C. 924(C) (3) ("the force clause") counts 2 and 4 must be vacated accordingly.

As to the second or subsequent conviction under 18 U.S.C 924(C) must be vacated also because Defendant Bryant is a "first-time" offender in the Federal Bureau of prisons in order for the second or subsequent conviction to apply Defendant Bryant must be a second time offender and the jury must determine the second or subsequent conviction or the defendant "admits" to the conviction the "multiple" counts of 924(C)'s in the indictment counts 2 and 4 are detective to apply the U.S.S. G. 4BI.I "career offender" of 18 U.S.C 924 (C)'s the twenty-five (25) years sentence under this provision must be vacated accordingly and defendant must be resentence under the "first-time" offender under

    i.   possession

    ii.  brandishing and or

    iii.  discharging accordingly.

MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE
PURSUANT TO 28 U.S.C. § 2255 - 4

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30
31
32

<u>STATEMENT OF FACTS</u>

The government alleges that on January 23, 2016 that the defendant did take United States currency and other property from a person employed at the 18th Ave. market located at 6600 NW. 18th Ave. in Miami Florida; this is a convenient store. On January 25, 2016, the government alleges that the defendant, using the same firearm, did commit the offense of taking property from the person at an Exxon gas station located at 16700 NW. 17th Ave. in Miami Gardens Florida, and during that offense brandished the firearm.

<u>When the defendant plead guilty he never admitted to the "elements" clause of use of physical force of 18 U.S.C § 924(C) (3) (B) and/or the "elements" clause of 18 U.S.C § 1951.</u>

<u>ARGUMENT</u>

<u>18 U.S.C § 1951</u>

Section 1951, in pertinent part, provides:

The term "robbery" means the unlawful taking or obtaining of personal property from the person or in the presence of another, against his will by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his person or property, or property or property in his custody or possession, or the person or property of a relative or a member of his family or of anyone in his company at the time of the taking or obtaining shall [be punished in accordance with the reminder of the stature].

<u>18 U.S.C § 924 (C)</u>

Section 924(C) (I) (A), in pertinent part, provides:

… any person who, during and in relation to a crime of violence… for which the person may be presented in a court of the United States, uses or carries a firearm, shall, or who in furtherance of any such crime, possesses a firearm, shall in addition to the punishment provided for such a crime of violence…

    i.  be sentenced to a term of imprisonment of not less than five (5) years

    ii.  if the firearm is brandished, be sentenced to a term of imprisonment of not less than seven (7)years

    iii.  if the firearm is the discharged, be sentenced to a term of imprisonment of not less than ten (10) years

Defendant Bryant, now states the indictment charged the second or subsequent 18 U.S.C § 924(C) charge the defendant has classified as a "career offender" under this provision. The law is clear in order for the second or subsequent offense to apply, the second or subsequent must be charged in a "separate

MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE
PURSUANT TO 28 U.S.C. § 2255 - 2

indictment". In Defendant Bryant's indictment, it charged the second 18 U.S.C. § 924(C) charge to career this defendant.

18 U.S.C. § 924(C) (I) (C) states:

In the case of a second or subsequent conviction under this subsection, the person shall

    i.  be sentenced to a term of imprisonment of not less than twenty-five (25) years.

       Defendant Bryant "did not" proceed to trial for the "savvy" to determine this "element" the "indictment is defective" as to the second conviction for the 18 U.S.C § 924(C) count Defendant Bryant, multiple counts in the same "indictment" 18 U.S.C § 924(C) is "defective" for the purpose of U.S.S. HB 1.1 "career offender" to sentence this defendant to the consecutive sentence of twenty-five (25) years. Defendant Bryant is a "first time" offender in the Federal Bureau of prisons under 18 U.S.C. § 924(C) and is a "second time" offender in the federal bureau of prisons and classified as "career offender" under U.S.S. HB 1.1. 18 U.S.C. § 924(C) (I) (C) in the case of a second or subsequent conviction under this subsection applies

    i.  be sentenced to a term of imprisonment of not less than twenty-five (25) years.

In Defendant Bryant's case, the second or subsequent conviction must be vacated.

The "element clause" under 924(C) (3) "crime of violence" is defined as follows:

…for purposes of this subsection the term "crime of violence" means an offense that is a felony and

    i.  has an element he use, attempted use, or threatened use of physical force against the person or property of another or,

    ii.  that by its nature, involves a substantial risk that physical force against the person or property of another may be used in course of committing the offense.

## ARGUMENT

       The defendant now states the 924(C) must be vacated for one reason mentioned previously. The second reason is the court must dismiss the 924(C) counts because the predicate Hobbs Act robbery offense, as defined by 18 U.S.C. § 1951(B) do not qualify as a "crime of violence" as a matter of law. See: *Mathis v. United States*, No. 15-6092, 2016 WL 3434400 (U.S.2016) section 924(C) definition of "crime of violence" has two alternatives clauses: 924(C)(3)(A), the "force clause" and 924(C)(3)(B), the "residual clause" Hobbs Act robbery fails to qualify as a crime of violence under the force clause since it may be committed by putting one in fear of future injury to his person or property, which 1) does not require the threat of violent physical force against persons or property, and 2) does not require an intentional threat

MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE
PURSUANT TO 28 U.S.C. § 2255 - 3

1. Appoint council
2. Order evidentiary hearing
3. Vacate counts 2 and 4 of the indictment
4. Order the U.S. Probation Department to recalculate the defendant's sentence accordingly.

Date _____, 2017

Respectfully submitted,

Andrew Jason Bryant #99462-004

## CERTIFICATE OF SERVICE

I hereby certify that on _____, 2017 that a true and correct copy of this instant 2255 motion to vacate, set aside, or correct was mailed to the following:

U.S. District Court

Clerk of Court

Respectfully Submitted,

Andrew Jason Bryant #99462-004

MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE
PURSUANT TO 28 U.S.C. § 2255 - 5

(Rev. 10/2002) Complaint

*(Statement of Facts)*

(1) Motion    Johnson Vs United States

(2) Motion    Dimaya Vs United State