United States District Court
for the
Southern District of Florida

| | |
|---|---|
| United States of America, | ) |
| | ) |
| v. | ) Criminal Case No. 16-20188-CR-Scola |
| | ) |
| Andrew Jason Bryant, Defendant. | ) |

**Order Denying Motion for Compassionate Release**

This matter is before the Court on the Defendant Andrew Jason Bryant's motion for a reduction of sentence under the compassionate release provisions of 18 U.S.C. § 3582(c)(1)(A) and his amended motion following appointment of counsel. (Mot., ECF No. 50; Am. Mot., ECF No. 58.) The Government has responded opposing Bryant's motions (ECF Nos. 52, 60), and Bryant has replied (ECF No. 62). After careful consideration of the parties' written submissions, the record, and the legal authorities, the Court **denies** Bryant's motion and amended motion for reduction of sentence. (**Mots., ECF Nos. 50, 58**.)

1. **Background**

In January 2016, Bryant committed two robberies. In both robberies, he brandished a firearm and in one of the robberies he also discharged a firearm. Bryant was then indicted on six counts: Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a) (count 1), brandishing and discharging a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A) (count 2), Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a) (count 3), brandishing a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A) (count 4), possession with intent to distribute a controlled substance, in violation of 21 U.S.C. § 841(a)(1) (count 5), possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) (count 6), and possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g) (count 7). (Indictment, ECF No. 1.) Bryant and the Government entered into a plea agreement under the terms of which Bryant would plead guilty to counts 2 and 4 and the Government would dismiss the remaining counts. At the time of the offense, Defendant fell within criminal history category 5 based upon numerous prior felony convictions, including for burglary of an occupied dwelling and a federal conviction for conspiracy to distribute narcotics.

At the time of the plea and sentence, the minimum sentence Bryant could receive was a ten-year minimum mandatory for the first brandishing a firearm

conviction followed by a consecutive minimum mandatory sentence of 25 years for the second brandishing a firearm conviction. The Court agreed with the parties' recommended sentence and sentenced the Defendant to 35 years in prison.

Mr. Bryant now moves for a reduction of his sentence on the basis of extraordinary and compelling reasons, namely that the law has changed since his sentencing such that he would not receive a 35-year mandatory minimum sentence if sentenced today. (Am. Mot., ECF No. 58 at 3.) Additionally, Bryant argues that his rehabilitation while incarcerated weighs in favor of his release under the factors set forth in 18 U.S.C. § 3553(a). While he seeks relief under the compassionate release provisions, Mr. Bryant "is not seeking release. Rather, Defendant is seeking a sentence reduction. Defendant is mindful that the Amendments to the Sentencing Guidelines, U.S.S.G. § 1B1.13(b)(6), provide that he must serve at least 10 years." (Am. Mot., ECF No. 58 at 7 n.1.)

### 2. Legal Standard

Section 3582 allows the Court to consider a defendant's motion for compassionate release "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). A district court "may reduce a term of imprisonment . . . if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent they are applicable, the court determines that . . . extraordinary and compelling reasons warrant a reduction." U.S.S.G. § 1B1.13(a). As detailed in the applicable policy statement, extraordinary and compelling reasons may exist where a defendant has a serious health condition, is elderly, has a family member that depends upon the defendant for care, is a victim of abuse while incarcerated, or in other circumstances of similar gravity to those enumerated. *Id.* The Court must also find that the defendant "is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." *Id.*

Based on this framework, in order to qualify for compassionate release, the Court must find extraordinary and compelling reasons warrant Bryant's release, that he is not a danger to the community, and consider the factors in 18 U.S.C. § 3553(a). The Defendant bears the burden of establishing that compassionate release is warranted. *See United States v. Hamilton*, 715 F.3d 328, 329 (11th Cir. 2013) (noting defendant has the burden to show circumstances meeting the test for a reduction of sentence).

### 3. Analysis

As a preliminary matter, the Government concedes that Mr. Bryant has exhausted his administrative remedies as required by § 3582(c)(1)(A). (Gov't Resp., ECF No. 52 at 4.) However, the Defendant has not carried his burden of establishing extraordinary and compelling reasons for his release, that he is not a danger to the community, or that the 18 U.S.C. § 3553(a) factors weigh in favor of a reduction of his sentence. Mr. Bryant has no serious medical conditions and no family depending on him as caregiver. Instead, he claims that a change in the law which results in an unwarranted sentencing disparity and his rehabilitation during incarceration are sufficient reasons for the Court to reduce his sentence. (Am. Mot., ECF No. 58.)

Mr. Bryant first argues in his amended motion that a "dramatic change in the law" constitutes extraordinary and compelling circumstances justifying a sentence reduction. Under the First Step Act, which Congress passed in 2018, in order for a 25-year minimum mandatory to apply for a second or subsequent brandishing a firearm conviction, the first brandishing conviction must have been final at the time of the commission of the second. *See* 18 U.S.C. § 924(c)(1)(C). Therefore, if sentenced today, the only mandatory minimum sentence applicable to Mr. Bryant's crimes would have been 10 years. Mr. Bryant argues that this disparity between his existing sentence and the sentences of persons sentenced for the same crimes today rises to the level of extraordinary and compelling reasons for a sentence reduction. According to Mr. Bryant, "[t]he fact that Congress has now concluded that § 924(c) sentences like Mr. Bryant's are 'unfair and unnecessary,' indicates that Mr. Bryant's 35-year sentence is neither necessary to deter others from similar criminal activity nor to protect the public from further crimes of the defendant." (Am. Mot., ECF No. 58 at 18.)

But this change in the law is not an extraordinary and compelling reason for a sentence reduction under the compassionate release framework. Significantly, Congress specifically chose not to make the relevant section of the First Step Act retroactive. Pub. L. No. 115-391, § 403(b) ("This section, and the amendments made by this section, shall apply to any offense that was committed before the date of enactment of this Act, if a sentence for the offense has not been imposed as of such date of enactment."). Additionally, the Sentencing Guidelines policy statement already accounts for changes in the law as a basis for a sentence reduction and states that a reduced sentence is <u>not</u> justified on those grounds unless a defendant received an unusually long sentence and has already served 10 years (among other restrictions), or where extraordinary and compelling reasons independently exist. *See* U.S.S.G. §

1B1.13. A non-retroactive change in law alone is not an extraordinary or compelling basis for reducing Mr. Bryant's sentence.

Second, the Defendant argues that his rehabilitation while incarcerated justifies a reduction. Mr. Bryant states that he "has seized on educational opportunities, excelled at various programs, maintains sobriety, and exudes a strong drive to become a man his family is proud of—a remarkable feat in the violent and dangerous U.S. Penitentiaries (USPs) where he has served more than seven years of his sentence." (Am. Mot., ECF No. 58 at 8.) However, as the Government points out and Mr. Bryant concedes, "rehabilitation of a defendant alone cannot be considered an extraordinary and compelling reason[.]" 28 U.S.C. § 994(t); U.S.S.G. § 1B1.13(d). And, his numerous disciplinary violations, including for possession of a weapon, belie his claim of rehabilitation.

Third, under the 3553(a) factors, Mr. Bryant again emphasizes his rehabilitation, sobriety, leadership, and participation in educational courses while in prison as evidence of "deep transformation" as support for his reduction in sentence. While the Court commends any efforts taken to better oneself while incarcerated, the 3553(a) factors still do not weigh in favor of a reduction of sentence because Mr. Bryant's release would not promote respect for the law or provide proper punishment. Furthermore, based upon his disciplinary violations, including four infractions for possessing a dangerous weapon, Mr. Bryant has not established that his release would not pose a danger to the community. (*See* Ex. A to Gov't's Resp., ECF No. 60-1.)

For the above reasons, Mr. Bryant has not established extraordinary and compelling reasons for his release or that he would not pose a danger to the community, and even if he had, the 18 U.S.C. § 3553(a) factors outweigh those reasons. The Court therefore denies the request for compassionate release.

### 4. Conclusion

Mr. Bryant's motion and amended motion for compassionate release are **denied**. (**ECF Nos. 50, 58**.)

**Done and ordered** at Miami, Florida on February 16, 2024.

_____
Robert N. Scola, Jr.
United States District Judge